**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MONIQUE SAMUELS,

                              Plaintiff,

               – against –

JP MORGAN CHASE & CO.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

23 Civ.

**Complaint and Jury Demand**

Plaintiff, Monique Samuels, by and through her attorney, Corey Stark PLLC, complains of Defendant and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for Defendant's discrimination on the basis of age in the terms, conditions, and privileges of employment under 29 U.S.C. Section 621 *et seq.* ("ADEA") and the New York Executive Law Section 290 *et seq.* ("NYSHRL").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(4), and 28 U.S.C. Section 1367.

## VENUE

3. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5. On April 12, 2023, the EEOC issued a Notice of Right to Sue ("Right-to-sue Letter") which permitted Plaintiff to file a civil action within ninety days of Plaintiff's receipt of the Right-to-sue Letter.

6. Plaintiff commenced this action within ninety days of her receipt of the Right-to-sue Letter.

7. Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

8. Plaintiff's date of birth is March 28, 1960.

9. At all times hereinafter mentioned Plaintiff was a resident of New York.

10. At all times material herein Plaintiff was an "Employee" entitled to protection within the meaning of the ADEA and the NYSHRL.

11. Defendant JP Morgan Chase & Co. ("Chase Bank") is a foreign corporation with its principal office located at 383 Madison Avenue within the City, County, and State of New York.

12. Upon information and belief, Chase Bank was and still is a multinational investment bank and financial services company.

13. Chase Bank is an "Employer" within the meaning of the ADEA and the NYSHRL.

14. This action arises out of Defendant's wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND

15. Plaintiff has a well-established career as a bank manager.

16. Plaintiff commenced her employment by Chase Bank in 1981 and left in 1986 to join another bank.

17. In 2008 Plaintiff returned to Chase Bank as a bank manager trainee and became a bank manager within one year.

18. Plaintiff's title and position was Vice President and Branch Manager and she was assigned to the New City South branch commencing in May 2010.

19. The New City South branch underwent annual audits, and for a decade received a score of over 90 and a rating of Effective.

20. At age 62 Plaintiff was the oldest employee assigned to the New City South Branch.

21. Chase Bank created, promoted, and maintained a pervasively hostile work environment and atmosphere.

22. Chase Bank treated Plaintiff with hostility and less favorably than similarly situated younger employees.

23. Plaintiff was singled out for harassment based on disparate treatment.

24. In 2021 the New City South branch received a score of 75 and a rating of Partially Effective, after a desk drawer was found unlocked despite two employees having confirmed, on the daily Dual Checklist, that all desk draws were secure.

25. Plaintiff had all necessary controls in place but was out sick the day before the audit.

26. The unsecured desk drawer belonged a vice president who was significantly younger than Plaintiff, and who was one of the employees responsible for ensuring that the desk was locked.

27. In addition to leaving the drawer unlocked, this younger vice president kept in the drawer a large amount of sensitive customer information in the form of check receipts which, according to compliance regulations, he was not supposed to be retain.

28. The information this vice president kept in his drawer exposed Chase Bank to unnecessary financial risk and Chase Bank's clients to financial risk and identity theft.

29. Nevertheless, the younger vice president was not disciplined for failing to secure his drawer, or for his role in creating an unnecessary identity-theft and financial risk, and instead escaped the incident unscathed and even received a promotion.

30. As another example of disparate treatment, Plaintiff, but not the negligent/reckless vice president, received a written warning for failing to protect Chase Bank and its customers from identity theft and financial risk.

31. In 2022 the New City South branch received a Partially Effective rating because a banker provided a customer with tax advice.

32. In May 2022 Chase Bank terminated Plaintiff's employment, without notice or cause, allegedly because she was on a written warning and because the New City South branch had received two Partially Effective ratings.

33. This proffered justification was a pretext for discrimination, because Plaintiff should never have received a written warning where her comparator intentionally failed to secure sensitive information yet both evaded discipline *and* received a promotion.

34. As further evidence that the proffered justification was a pretext for discrimination, other branch managers younger than Plaintiff received two Partially Effective ratings yet were never terminated.

35. It was age discrimination that motivated Chase Bank's decision to put Plaintiff on a written warning and ultimately terminate her employment.

## AS AND FOR A FIRST COUNT

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "35" inclusive with the same force and effect as if fully set forth at length herein.

37. Chase Bank unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age. By reason thereof, Chase Bank has violated the ADEA.

38. As a direct and proximate result of Chase Bank's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Chase Bank's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

39. As a direct and proximate result of Chase Bank's discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A SECOND COUNT

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "35" inclusive with the same force and effect as if fully set forth at length herein.

41. Chase Bank unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age. By reason thereof, Chase Bank has violated the NYSHRL.

42. As a direct and proximate result of Chase Bank's unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Chase Bank's systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

43. As a direct and proximate result of Chase Bank's discriminatory practices, Plaintiff has also sustained significant economic damages.

**WHEREFORE,** Plaintiff demands the following relief:

a) a money judgment against Chase Bank for her damages including, but not limited to, lost wages, liquidated damages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

b) reinstatement or, in the alternative, front pay;

c) an award of punitive damages and attorneys' fees;

e) prejudgment interest and costs; and

f) such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC

  /s/
By: Corey Stark
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
April 28, 2023

        COREY STARK PLLC

        /s/_____
        By: Corey Stark
        *Attorneys for Plaintiff*
        110 East 59th Street, 22nd Floor
        New York, New York   10022
        (212) 324-3705